UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| HERBERT S. OLSON,<br><br>                      Plaintiff,<br>     v.<br><br>STATE OF NEVADA, DEPARTMENT OF PUBLIC SAFETY,<br><br>                      Defendant. | Case No. 3:22-cv-00232-ART-CLB<br><br>ORDER |

Plaintiff Herbert S. Olson brings this action pro se under the Americans with Disabilities Act ("ADA"), the Rehabilitation Act, and NRS 484B.467, for violations that allegedly occurred at the Adult Parole and Probation Division Office of the Nevada Department of Public Safety ("DPS") at 145 Keddie Street in Fallon, Nevada. (ECF No. 1 ("Complaint").) DPS moves to dismiss (ECF No. 5) based on the statute of limitations, standing, mootness, and failure to state a claim. Plaintiff has moved to appear telephonically on DPS's motion to dismiss (ECF No. 20), and DPS has moved to strike Plaintiff's motion to appear telephonically (ECF No. 21). Plaintiff has also moved to file a sur-reply (ECF No. 22) and for expeditious resolution of DPS's motion to dismiss (ECF No. 25). The Court denies Plaintiff's motion to file a sur-reply. Because Plaintiff's claims are barred by the statute of limitations, the Court grants DPS's motion to dismiss without leave to amend. The Court denies as moot Plaintiff's motion to appear telephonically, DPS's motion to strike, and Plaintiff's motion for expeditious resolution.

**I.    BACKGROUND**

According to Plaintiff's complaint, Plaintiff was stopped by law enforcement officers at a highway drug checkpoint in Humboldt County, Nevada on March 22,

2012.[1] (Complaint at ¶ 26.) This led to Plaintiff's arrest and indictment for possession of marijuana. (*Id.* at ¶ 35.) Prior to Plaintiff's October 18, 2013 criminal trial, Plaintiff was ordered to undergo a background check at the Adult Parole and Probation Office of DPS at 145 Keddie Street in Fallon, Nevada. (*Id.* at ¶¶ 42-43.) Plaintiff was convicted and sentenced to two concurrent four-year sentences. (*Id.* at ¶ 49.) After Plaintiff served 362 days in custody, Plaintiff was released on parole, and on April 4, 2015, Plaintiff reported again to the Adult Parole and Probation Office at 145 Keddie Street in Fallon, Nevada, where Plaintiff "confirmed that said facility was not in compliance with Title II of the ADA, and explained those facts to his parole officer[,] who thereafter, said his parole officers will visit his home once a month in Fallon." (*Id.* at ¶ 50.) Plaintiff was honorably discharged from parole. (*Id.*) Plaintiff filed his complaint on May 24, 2022.

The remainder of Plaintiff's complaint consists of a list of transcribed statutes and regulations that DPS allegedly violated at the 145 Keddie Street office. (*Id.* at 13-20.) Plaintiff alleges violations of 28 C.F.R. § 36.403; sections 208.2.4, 216.2, 216.3, 264, 406.4, 502.2, 502.4, 502.6, 502.3.3, 642.8.1, 642.8.6, and 705 of the 2010 ADA accessibility standards; sections 4.1.2(5)(b) 4.6.3, 4.6.4, and 4.6.5 of the 1991 ADA accessibility standards; and NRS 484B.467. Plaintiff submits four photographs of the front of the 145 Keddie Street office. (Complaint Exh. B.) Plaintiff brings three claims: (1) Title II of the ADA; (2) Section 504 of the Rehabilitation Act; and (3) NRS 484B.467.

## II.   MOTION TO DISMISS

As a threshold matter, the Court will address Plaintiff's motion to file a sur-reply. (ECF No. 22.) Plaintiff's two-page motion contains no explanation for why a sur-reply is warranted or why good cause exists, nor is such good cause

---

[1] Plaintiff's complaint contains several pages of description of the events leading to his arrest and indictment, as well as Plaintiff's history of filing complaints under the ADA and the Rehabilitation Act. (Complaint at ¶¶ 12-42, 44-48.) As these facts are not relevant to Plaintiff's instant claims, the Court will not summarize them here.

2

apparent from the content of Plaintiff's proposed sur-reply itself. As DPS points out, under Local Rule LR 7-2(g), a party may not file supplemental pleadings, briefs, authorities, or evidence without leave of court granted for good cause. Plaintiff's motion to file sur-reply is denied.

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pleaded complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). All factual allegations set forth in the complaint are taken as true and construed in the light most favorable to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

DPS argues that Plaintiff's claims are barred by the statute of limitations since the events described in Plaintiff's complaint occurred in 2013 and 2014. The Ninth Circuit Court of Appeals has held that since Title II of the ADA does not contain an express statute of limitations, courts must borrow the statute of limitations applicable to the most analogous state law claim, so long as it is not inconsistent with federal law or policy to do so. *Sharkey v. O'Neal*, 778 F.3d 767, 770 (9th Cir. 2015). The same inquiry determines the limitations period under the Rehabilitation Act. *Cooks v. Contra Costa Cnty.*, 2021 WL 5492985, at *1 (9th Cir. Nov. 23, 2021), *cert. denied sub nom. Cooks v. Contra Costa Cnty., California*, 143 S. Ct. 202 (2022).

DPS asserts that a one-year limitations period applies to Plaintiff's claims

since Title II of the ADA is most similar to NRS 651.070, which prohibits discrimination in places of public accommodation and has a one-year limitations period under NRS 651.090. (ECF No. 5 at 4.) Plaintiff responds only that "ADA or RA complaints of Title II do not apply to statutes of limitation." (ECF No. 15 at 2.) The last allegations Plaintiff describes are in 2015. (Complaint at 12.) Even assuming, arguendo, that a three-year limitations period applies, *see Brizuela v. City of Sparks*, 2022 WL 3229389, at *13 (D. Nev. Aug. 10, 2022) (applying three-year limitations period of NRS 11.190(a)(3) to claim under Title II of the ADA), Plaintiff's claims would still not be timely since claims arising before May 24, 2019 would be time-barred. Regarding Plaintiff's claim for violation of NRS 484B.467, even assuming that the four-year default limitations period of NRS 11.220 applies, Plaintiff's claims would still not be timely.

Plaintiff refers to the fact that in 2022 he took photographs of the allegedly violative areas of the 145 Keddie Street office and the violations still existed. (ECF No. 15 at 3.) However, under federal law, a cause of action accrues when the plaintiff knowns or has reason to know of the injury which is the basis of the action. *Alexis v. Fed. Bureau of Investigation*, 698 F. App'x 507, 508 (9th Cir. 2017). The claims accrued and the limitations period began to run when Plaintiff was actually injured by the allegedly violative conditions.

### III. CONCLUSION

Plaintiff's motion to file a sur-reply (ECF No. 22) is denied. Defendant DPS's motion to dismiss (ECF No. 5) is granted. As all of Plaintiff's allegations are substantially outside the limitations period, leave to amend is denied.

Plaintiff's motion to appear telephonically (ECF No. 20) and motion for expeditious resolution (ECF No. 25), and DPS's motion to strike (ECF No. 21) are denied as moot.

///

///

4

DATED THIS 13th day of June 2023.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE